UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

FEMALE ATHLETES UNITED,

    Plaintiff,

    v.

KEITH ELLISON, *et al.*,

    Defendants.

Case No.: 25-cv-02151 (ECT/DLM)

[PROPOSED] PROTECTIVE ORDER

> **Commented [A1]:** State Defendants drafted this proposed order, using the District of Minnesota's form Protective Order, found here: https://www.mnd.uscourts.gov/forms/stipulation-protective-order ("Form Order"), as a starting point.
>
> Plaintiff believes the Form Order as drafted by the Court should be entered and does not believe that any substantive deviations from that Form Order are necessary or appropriate. The highlighted areas of disagreement are places where Plaintiff believes the State Defendants' deviations from the Form Order are substantive and objectionable. Non-substantive deviations are not highlighted.

**[PROPOSED] PROTECTIVE ORDER**

1.   **Scope.** This Protective Order governs the handling of all Confidential Information, including documents, testimony, and other information (and including all copies, excerpts, and summaries thereof) produced, given, or filed during this action. The provisions of this Protective Order shall apply to the parties to this action, including their members, lawyers, experts, consultants, and any other persons producing or disclosing Confidential Information in this action who agree or are ordered to be bound by this Protective Order. The term "person" shall include both the named parties and third parties who have agreed or been ordered to be bound by this Protective Order.

> **Commented [A2]:** Plaintiff opposes the inclusion of this provision, which is not contained in the Form Order, particularly in light of how it works with the other substantive changes proposed by the State Defendants.

2.   **Definitions.** As used in this Protective Order:

    (a)   "Confidential Information" means information regarding the medical condition (including any diagnoses, treatment records, and names of treating medical professionals for any physical or mental condition) of a minor child; Identifying Information regarding any minor children, including the four minor

children referred to in the Complaint in this action; "educational records" protected by the federal Family Educational and Privacy Rights Act ("FERPA"), and defined under 20 U.S.C. § 1232g(a)(4); and "education records" protected by the Minnesota Government Data Practices Act ("MGDPA"), Chapter 13 of the Minnesota Statutes.

(b)     "Document" means any paper filed in the docket in this matter, as well as information disclosed or produced in discovery, including at a deposition;

(c)     "Effective Date" means the date that this order is signed and entered into the docket; and

(d)     "Identifying Information" means information from which a reasonable person would be able to discern the identity of a minor child, including (but not limited to) the child's name, the child's date of birth, the names of the child's parents (or other family members), or any combination of information like the following: the school the child attends, the athletic teams (if any) for which a child plays, the positions each child plays within those teams, and the child's initials.

3.     **Designating a Document or Deposition as Confidential.**  A party may designate a Document as confidential if the party contends that it contains Confidential Information. A party or non-party may designate a Document produced in discovery as confidential by conspicuously marking each page with the word "confidential," or, in the case of deposition testimony, by (a) stating on the record during the deposition that certain testimony is confidential, or (b) promptly notifying the parties and those who were present at the deposition in writing that certain testimony is confidential.

> **Commented [A3]:** Plaintiff would replace all of these definitions with those contained in the Court's form order:
>
> (a) "attorney" means an attorney who has appeared in this action;
> (b) "confidential document" means a document designated as confidential under this protective order;
> (c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;
> (d) "document" means information disclosed or produced in discovery, including at a deposition;
> (e) "notice" or "notify" means written notice;
> (f) "party" means a party to this action; and
> (g) "protected document" means a document protected by a privilege or the work-product doctrine.
>
> **Commented [A4]:** Each time this draft uses a defined term, Plaintiff believes the definition should be that contained in the Form Order and not this draft. If the term is not defined in the Form Order but is defined in this draft, Plaintiff does not believe it is a term that should be used. To avoid unnecessary repetition, we have not highlighted every use of a term to which this disagreement would apply.
>
> **Commented [A5]:** This phrase is not necessary under the Form Order's definition of "Document."

4.  **Designating a Document or Deposition as Attorneys' Eyes Only.** A party or non-party may designate a Document as "Attorneys' Eyes Only" if it determines that it contains educational records protected by FERPA and/or the MGDPA or if it contains medical information regarding a minor child.

5.  **Extracts and Summaries.** All extracts and summaries of Documents and information designated "Confidential" or "Attorneys' Eyes Only" shall be treated as protected in accordance with the provisions of this Protective Order.

> **Commented [A6]:** Plaintiff does not oppose these provisions if the terms contained therein are defined as in the Form Order and not this draft.

6.  **Limitation on Use of Confidential Documents.** Except as otherwise provided in this paragraph, Confidential Documents and all information contained therein, shall be used only for purposes of this litigation and shall not be disclosed to any person other than:

> **Commented [A7]:** Plaintiff is unsure whether this is intended to track back to the definition of "confidential documents" from the Form Order or "confidential information" from the State Defendants' draft. Plaintiff does not oppose the former but opposes the latter.
>
> Plaintiff opposes the phrase "all information contained therein," which is not in the Form Order.

(1) the court and its staff;

(2) an attorney for a party in this matter and to members of the attorney's staff whose assistance is necessary to conduct this litigation;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party; and

(6) any person who is retained to assist a party or attorney with this action and who agrees to be bound by this Protective Order.

For the avoidance of doubt, no party may disclose Confidential Information—including, but not limited to, Identifying Information of any of the minor children involved

in this matter, whether or not obtained during discovery in this matter— to the media or on any social media account, whether or not that account has any privacy settings activated.

> **Commented [A8]:** Plaintiff opposes the inclusion of this provision in light of its intertwinement with definitions that Plaintiff opposes.

7. **Limitation on Use of Attorney's Eyes Only Documents.** Documents designated as Attorneys' Eyes Only are subject to the same limitations as Confidential Documents, and, in addition, shall not be disclosed to any party other than a person shown on the face of the confidential document to have authored or received it. Counsel for the parties must also limit disclosure of Attorneys' Eyes Only Documents to the minimum number of staff, experts, or consultants necessary to further the litigation.

8. **Filing of Confidential Documents in Court.** If a party intends to file a Document or deposition transcript containing Confidential Information with the Court, it shall provide seven days written notice to the other party, or the producing non-party, so that the other party or the non-party may seek relief from the court.

If a party does file a Document or deposition transcript containing Confidential Information with the Court, it shall do so in compliance with Federal Rule of Civil Procedure 5.2 and District of Minnesota Local Rule 5.6. In particular, if a party files a Document that references a minor child, the party must, pursuant to L.R. 5.6, file a public version of the Document with all Identifying Information redacted and simultaneously file an unredacted version of the Document under temporary seal.

> **Commented [A9]:** Plaintiff would use the language from the Form Order:
>
> **Use of a Confidential Document in Court.**
> (a) Filing. This protective order does not authorize the filing of any document
> under seal. A confidential document may be filed only in accordance with
> LR 5.6.
> (b) Presentation at a hearing or trial. A party intending to present another
> party's or a non-party's confidential document at a hearing or trial must
> promptly notify the other party or the non-party so that the other party or
> the non-party may seek relief from the court.

9. **Time to Cure Already-Filed Documents Containing Confidential Information.** The parties have three days from the Effective Date to remove Confidential Information from the Documents that have already been filed in this action using the following procedure:

(1)     On the Effective Date, Defendants shall contact the Clerk of Court and ask to immediately seal the Complaint (Doc. 1) and the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction and its accompanying Exhibits (Docs. 7-8.5);

(2) Within twenty-four hours of the Effective Date, Defendants shall notify Plaintiff of all Identifying Information to be redacted from the Documents at issue;

(3) Plaintiff will have the remainder of the three-day period to file redacted versions of the Documents at issue.

> **Commented [A10]:** Plaintiff opposes the inclusion of this provision.

10.     **Inadvertent Disclosure of Confidential Documents.**  Inadvertent failure to designate qualified Documents as "Confidential" or "Attorneys' Eyes Only" does not, standing alone, waive the designating party's right to secure protection under this Protective Order. Any party who inadvertently fails to identify Documents as "Confidential" or "Attorneys' Eyes Only" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated Documents. Any party receiving such improperly designated Documents shall retrieve such Documents from persons not entitled to receive those Documents and, upon receipt of the substitute Documents, shall return or destroy the improperly designated Documents and all copies thereof.

> **Commented [A11]:** Plaintiff would include Section 9 of the Form Order, which addresses the inadvertent production of privileged (not confidential) material.
>
> Plaintiff does not oppose also including this section (rather than Section 5 of the Form Order) if terms are defined per the Form Order and not the State Defendants' draft.

11.     **Changing a Confidential Document's Designation.**    A Document designated as Confidential remains Confidential until the parties agree to change its designation or the court orders otherwise. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion

affects a Document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a Document as Confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

12. **Security Precautions and Data Breaches.** Each party must make reasonable efforts to protect the confidentiality of any Confidential Document disclosed or produced to that party. A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

13. **Handling a Confidential Document after Termination of Litigation.** Within 30 days after the termination of this action (including any appeals), each party must:

   (1)   return or destroy all confidential documents; and

   (2)   notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 30-day period.

Notwithstanding this, each attorney may retain a copy of any confidential document submitted to the court.

14. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

15. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED.**

Dated this _____ day of June 2025.	BY THE COURT:

	_____
	Honorable Douglas L. Micko
	United States Magistrate Judge