**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Female Athletes United, | Case No.: 25-cv-2151 (ECT/DLM) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| Keith Ellison *et al.*, | |
| Defendants. | |

The parties to this action have submitted their respective positions on the scope of a Protective Order governing confidential information. On June 12, 2025, the parties filed a proposed Protective Order, which included highlighted areas of disagreement, as well as comments on the margins of the Proposed Order setting forth a summary of the parties' positions. (Doc. 39.) The Court solicited short letter briefs from the parties regarding their disputed positions, which were also received on June 12, 2025 via email and remain on file with the Court. On June 13, 2025, the Court held a status conference and heard argument from all parties regarding their positions on the scope of any Protective Order in this case. (Doc. 41.)

Having the benefit of the parties' arguments and based on the Court's analysis of the law, the Court determines the following Protective Order strikes the appropriate balance between the presumption of public access to court proceedings and privacy protections for parties and nonparties to these proceedings. *Flynt v. Lombardi*, 885 F.3d 508, 511-14 (8th Cir. 2018); *IDT Corp. v. eBay*, 709 F.3d 1220, 1222-24 (8th Cir. 2013). This is particularly

true for those nonparties who are minors, as there is "a strong public policy favoring the special protection of minors and their privacy where sensitive and possibly stigmatizing matters are concerned." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1375 (8th Cir. 1990); *see also id.* at 1374-77 (recognizing that rights of access to civil court files may bend to the compelling state interests in safeguarding the wellbeing of minors); *Thomas v. Marshall Pub. Sch.*, No. 21-cv-2581 (PJS/DJF), 2024 WL 4664175, at *2-4 (D. Minn. Nov. 4, 2024).

The Court pauses to highlight a few areas of the Protective Order where no party's proposal was acceptable. First, Defendants sought to apply the Protective Order to all "members" of the parties. This is too broad. Plaintiff is a national, member-based organization but only three of its members are named in this lawsuit. This case involves issues of some notoriety and much information is already within the public sphere. Applying post-hoc confidentiality strictures on individuals who are not a part of this lawsuit goes too far. Requiring Plaintiff to inform each of its members—who might otherwise be unaware of this lawsuit or the events preceding it— also risks amplifying the sensitive information Defendants seek to protect. As such, the Court limits the scope of the Protective Order to, among others, individual members of the party organizations who are subjects of this action.

Second, Defendants advocated for including a self-defined term of "Identifying Information" among the broader definition of protected Confidential Information. (Doc. 39 at 2.) As discussed during the status conference, this term is too amorphous to provide the guidance on its application, and could potentially lead to virtually all information in the

2

case being deemed Confidential Information. Instead, the Court has included within the definition of Confidential Information several categories of information defined as "Personally Identifiable Information" under 34 C.F.R. § 99.3, regulations enacted pursuant to the Family Educational and Privacy Rights Act ("FERPA"), 20 U.S.C. § 1232g. Because FERPA and its regulations concern student privacy, its definitions provide persuasive guidance regarding the scope of this Court's confidentiality protections.

Third, Defendants sought a Protective Order that would prohibit disclosure of any Confidential Information, "whether or not obtained during discovery in this matter." (Doc. 39 at 3-4.) During the status conference, the parties clarified this was intended to prohibit disclosure on material that was publicly available *separate from* this lawsuit. Such a provision, while aspirational, would be unwieldy in application and raise serious constitutional concerns. As such, limitations on disclosure of Confidential Information will not extend to matters publicly available separate from this lawsuit.

Finally, the Court has set forth retroactive and prospective sealing protocols consistent with this District's local rules.

# PROTECTIVE ORDER

# FEMALE ATHLETES UNITED V. ELLISON ET AL., 25-cv-2151 (ECT/DLM)

**1.     Scope.** This Protective Order governs the handling of all Confidential Information, including documents, testimony, and other information (and including all copies, excerpts, and summaries thereof) produced, given, or filed during this action. The provisions of this Protective Order shall apply to the parties to this action, including lawyers, experts, consultants, and individual members who are subjects of the action, as well as any other persons producing or disclosing Confidential Information in this action who agree or are ordered to be bound by this Protective Order. The term "person" shall include both the named parties and third parties who have agreed or been ordered to be bound by this Protective Order.

**2.     Definitions.** As used in this Protective Order:

(a)     "Confidential Information" means information regarding the medical condition (including any diagnoses, treatment records, and names of treating medical professionals for any physical or mental condition) of a minor child; "education records" protected by the federal Family Educational and Privacy Rights Act ("FERPA"), and defined under 20 U.S.C. § 1232g(a)(4); the categories of "Personally Identifiable Information" enumerated in 34 C.F.R. § 99.3(a)-(f); and "educational data" as defined by the Minnesota Government Data Practices Act ("MGDPA"), Minn. Stat. § 13.32, sudb. 1(a).

    (b) "Document" means any paper filed in the docket in this matter, as well as information disclosed or produced in discovery, including at a deposition;

    (c) "Effective Date" means the date that this Order is signed and entered into the docket; and

    (d) "Protected Document" means a document protected by a privilege or the work-product doctrine.

  **3.** **Designating a Document or Deposition as Confidential.** A party may designate a Document as confidential if the party contends that it contains Confidential Information. A party or non-party may designate a Document produced in discovery as confidential by conspicuously marking each page with the word "confidential," or, in the case of deposition testimony, by (a) stating on the record during the deposition that certain testimony is confidential, or (b) promptly notifying the parties and those who were present at the deposition in writing that certain testimony is confidential.

  **4.** **Designating a Document or Deposition as Attorneys' Eyes Only.** A party or non-party may designate a Document as "Attorneys' Eyes Only" if it determines that it contains educational records protected by FERPA and/or the MGDPA or if it contains medical information regarding a minor child.

  **5.** **Extracts and Summaries.** All extracts and summaries of Documents and information designated "Confidential" or "Attorneys' Eyes Only" shall be treated as protected in accordance with the provisions of this Protective Order.

  **6.** **Limitation on Use of Confidential Documents.** Except as otherwise provided in this paragraph, Confidential Documents and all information contained therein,

shall be used only for purposes of this litigation and shall not be disclosed to any person other than:

(1) the court and its staff;

(2) an attorney for a party in this matter and to members of the attorney's staff whose assistance is necessary to conduct this litigation;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party; and

(6) any person who is retained to assist a party or attorney with this action and who agrees to be bound by this Protective Order.

No party may disclose Confidential Information to the media or on any social media account, whether or not that account has any privacy settings activated. However, these limitations on disclosure do not extend to information publicly available outside of, and independent from, this lawsuit.

**7.   Limitation on Use of Attorneys' Eyes Only Documents.** Documents designated as Attorneys' Eyes Only are subject to the same limitations as Confidential Documents, and, in addition, shall not be disclosed to any party other than a person shown on the face of the confidential document to have authored or received it. Counsel for the parties must also limit disclosure of Attorneys' Eyes Only Documents to the minimum number of staff, experts, or consultants necessary to further the litigation.

8. **Filing of Confidential Documents in Court.** If a party intends to file a Document or deposition transcript containing Confidential Information with the Court, it shall provide seven days written notice to the other party, or the producing non-party, so that the other party or the non-party may seek relief from the court.

If a party does file a Document or deposition transcript containing Confidential Information with the Court, it shall do so in compliance with Federal Rule of Civil Procedure 5.2 and District of Minnesota Local Rule 5.6.

9. **Time to Cure Already-Filed Documents Containing Confidential Information.** On the Effective Date, Defendants shall contact the Clerk of Court and ask to temporarily seal the Complaint (Doc. 1) and the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction and its accompanying Exhibits (Docs. 7-8.5) consistent with D. Minn. LR 5.6(c), (d), & (e). The parties shall thereafter meet and confer regarding the appropriate scope of sealing, and file a joint motion for continued sealing utilizing the protocol set forth in D. Minn. LR 5.6(d)(3)(A) & (B) no later than seven days after the Effective Date.

10. **Inadvertent Disclosure of Confidential Information or Protected Documents.** Inadvertent failure to designate qualified Documents as "Confidential" or "Attorneys' Eyes Only" does not, standing alone, waive the designating party's right to secure protection under this Protective Order. Any party who inadvertently fails to identify Documents as "Confidential" or "Attorneys' Eyes Only" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated Documents. Any party receiving such improperly designated Documents shall retrieve

7

such Documents from persons not entitled to receive those Documents and, upon receipt of the substitute Documents, shall return or destroy the improperly designated Documents and all copies thereof.

A party or non-party who discovers that it has inadvertently disclosed or produced a Protected Document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived. Additionally, a party who discovers that it may have received an inadvertently disclosed or produced Protected Document must promptly notify the disclosing or producing party or non-party. A party who is notified or discovers that it may have received a Protected Document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**11.    Changing a Confidential Document's Designation.** A Document designated as Confidential remains Confidential until the parties agree to change its designation or the court orders otherwise. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a Document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a Document as Confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**12.    Security Precautions and Data Breaches.** Each party must make reasonable efforts to protect the confidentiality of any Confidential Document disclosed or produced to that party. A party who learns of a breach of confidentiality must promptly

8

notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**13.    Handling a Confidential Document after Termination of Litigation.** Within 30 days after the termination of this action (including any appeals), each party must:

(1)    return or destroy all confidential documents; and

(2)    notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 30-day period.

Notwithstanding this, each attorney may retain a copy of any confidential document submitted to the court.

**14.    Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

**15.    Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED.**

Date: June 17, 2025                              *s/Douglas L. Micko*
                                                 DOUGLAS L. MICKO
                                                 United States Magistrate Judge