

August 15, 2025

The Honorable Eric C. Tostrud, District Judge
United States District Court, District of Minnesota
316 Robert Street N
St. Paul, MN 55101

Re:   *Female Athletes United v. Keith Ellison, et al.*
       Case No. 25-cv-2151

Dear Judge Tostrud,

Defendants must justify closing presumptively open proceedings. *United States v. Farmer*, 32 F.3d 369, 371 (8th Cir. 1994). "Such circumstances will be rare." *Garcia v. Bertsch*, 470 F.3d 748, 752 (8th Cir. 2006). This requires an "overriding interest that is likely to be prejudiced," and that the closure is "narrowly tailored" because "reasonable alternatives" won't work. *Waller v. Georgia*, 467 U.S. 39, 45, 48 (1984). Defendants fail to show these factors, so this Court should deny their request.

**Defendants seek total closure.** Defendants say they request partial closure. Wrong. "Whether a closure is total or partial depends on who is excluded during the time in question." *Zornes v. Bolin*, 37 F.4th 1411, 1415 (8th Cir. 2022). Excluding just discrete witnesses during discrete parts of a trial requires a slightly lesser showing because this does not meaningfully "implicate the same secrecy and fairness concerns" attendant to "a total closure." *Zornes*, 37 F.4th at 1416 (exclusion of two persons during jury selection was partial closure).

But Defendants don't seek to exclude just a few persons from a few portions of the hearing; they seek to exclude everyone but a few people sympathetic to them from the entire hearing. That's a total closure because it violates the "secrecy and fairness concerns" that open proceedings promote. *United States v. Thompson*, 713 F.3d 388, 395 (8th Cir. 2013) (closure was partial because press was "absen[t]" when district court excluded spectators from the courtroom).

Defendants cite *Farmer* to show that they seek partial closure but omit key details. 32 F.3d at 371. There, the trial court excluded "all spectators other than the members of [the victim's] family … *during the balance of her testimony*," not for the whole proceeding *Id.* at 370 (emphasis added). But there's no interest in protecting a testifying victim from intimidation here—none of the parties have disclosed to the Court or each other that they intend to present live testimony. *Contra id.* at 372

The Honorable Eric C. Tostrud
August 15, 2025
Page 2

(focusing on specific threats). And this type of discrete closure shows that there are less-restrictive alternatives.

*Closure will not serve any overriding interest.* Defendants must show that prejudice is "likely," not just speculative, and that "closure is essential to preserve higher values." *Waller*, 467 U.S. at 45. Yet Defendants themselves use speculative language: "[t]he hearing *may* disclose confidential" and "'*possibly* stigmatizing' medical information" about a particular athlete. Defs.' Letter Br. 2, Dkt. 111 (emphasis added). That alone is enough to deny their request.

And closure is not *essential* to protect an *overriding interest* here for at least three more reasons.[1]

*First*, the parties need not discuss sensitive medical information at the hearing. That the case involves an unnamed athlete who identifies as transgender is neither disputed nor secret. Order 7, Dkt. 100. Plaintiff does not intend to discuss any medical history beyond that undisputed fact, nor use the athlete's name or initials at the hearing. So the hearing does not threaten to disclose "a person's transgender status" where "the general public is not necessarily aware." *Contra Doe ex rel. Doe v. Walters*, No. CIV-24-34-R, 2024 WL 559714, at *2 (W.D. Okla. Feb. 12, 2024). And this Court can protect any sensitive information without closing the entire proceeding.

*Second*, the interest doesn't fit with Defendants' case law. Defendants seek to shield information about a third party, not to protect a crime-victim who is testifying, *cf. Farmer*, 32 F.3d 369, or to shield information about a minor who is a party to the case, *cf. Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1375, 1377 (8th Cir. 1990). If even a "partial closure" to protect "a non-victim" witness "is rare," *Garcia v. Bertsch*, 470 F.3d 748, 753 (8th Cir. 2006), Defendants must at least produce evidence to support their novel request, not just speculation.

*Third*, Defendants minimize the public interest and repeat the error of the original protective order: closing everything to protect one piece of information. As this Court's recent order notes, this case is about "matters of profound value and concern to the public." Order 6, Dkt. 100 (quoting *Janus v. Am. Fed'n of State, Cnty. & Mun. Emps., Council 31*, 585 U.S. 878, 914 (2018) (citation modified)). Indeed, instances of males competing in women's sports have led to multiple lawsuits, federal investigations, executive orders, and law and policy changes. *See, e.g.*,

---

[1] While Plaintiff continues to believe that publicly available information isn't protected, Pl.'s Objs. to Mag. Judge's Protective Order (Pl.'s Objs.) 2–3, 9–10, Dkt. 53, it understands the Court's prior ruling and will not belabor those arguments. Defendants' closure request fails for many other reasons.

The Honorable Eric C. Tostrud
August 15, 2025
Page 3

https://perma.cc/C736-7KLZ. The people of Minnesota deserve to know how their elected representatives promote policies that harm women and girls, how those policies affect women and girls, and how those officials will attempt to justify them in open court. That weighs heavily against the type of clandestine proceeding Defendants seek.

*Fourth*, Defendants forget FAU members' interests in this hearing. That creates two problems for Defendants' argument. For one, it weighs against excluding them altogether—in Defendants' own words, treating them like "a criminal defendant's family that is asked to leave the courtroom to protect a prosecution witness." Defs.' Letter Br. 3, Dkt. 111. For another, this Court's order also protects them, which Defendants ignore. *See* Am. Protective Order 2, Dkt. 101 (protecting information related to any minor).

***Defendants ignore less-restrictive alternatives.*** Defendants' request is too broad because it's "not limited to information that [i]s actually sensitive and deserving of privacy protection." *Press-Enter. Co. v. Superior Ct. of Cal.*, 464 U.S. 501, 513 (1984). And there are several alternatives. Defs.' Letter Br. 3.

For example, this Court could order a sidebar to discuss private medical information if it comes up. *Cf. Press-Enter.*, 464 U.S. at 512 (reversing closure of jury selection because court could have required "juror to make an affirmative request" for *in camera* review). Or, it could order the parties to tailor their arguments to the Amended Protective Order and identify record locations for protected details instead of discussing them. Or, it could divide the argument into public and non-public portions if a party feels compelled to discuss protected information.[2]

Failing to justify the breadth of their request, Defendants compare FAU's members to "a criminal defendant's family" who must "leave the courtroom to protect a prosecution witness." Defs.' Letter Br. 3. But here too, Defendants don't provide any evidence of "safety [or] security concerns" from the FAU members. *Contra* Defs.' Letter Br. 2. Rather, Defendants seek to invert the "presumption of openness" into a presumption of secrecy. *Press-Enter.*, 464 U.S. at 510. Closing courtrooms to avoid speculative harms from "adversely positioned" persons would justify the closure of *any* civil or criminal trial. Defs.' Letter Br. 3.

* * * * *

---

[2] For example, while still overbroad and unnecessary, making only the standing portion of the hearing private would be less restrictive and more-than-effective.

The Honorable Eric C. Tostrud
August 15, 2025
Page 4

    FAU filed this case to give female athletes a level-playing field and a fair chance to compete. Now Defendants say the entire hearing on these women's rights must be held in secret. Defendants fail to carry their burden, and therefore this Court should deny their request.

                      Respectfully Submitted,

              s/*Henry W. Frampton, IV*
                Henry W. Frampton, IV
                Counsel for Female Athletes United

cc: Counsel of record (via ECF)